### ZIMMER PAPER PRODUCTS INCORPORATED

v.

### BERGER & MONTAGUE, P.C., et al.

### Civ. A. No. 83–2194.

United States District Court, E.D. Pennsylvania.

May 30, 1984.

R. Stanley Lawton, Donald G. Sutherland, Kyle E. Lanham, Ice, Miller, Donadio

& Ryan, Indianapolis, Ind., Flora L. Becker, Leadbetter & Becker, Philadelphia, Pa., for plaintiff.

Bruce W. Kauffman, John F. Smith, III, Anne Marie P. Kelley, Arthur E. Newbold, IV, Lisa M. Scottoline, Dilworth, Paxson, Kalish & Kauffman, Dechert, Price & Rhoads, Philadelphia, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff in this case, Zimmer Paper Products, Inc. ("Zimmer"), belonged to the plaintiff class in *Glassine and Greaseproof Paper Antitrust Litigation*, Master File No. 80–914, M.D.L. No. 475. The antitrust litigation settled. Zimmer claims that it never received a notice dated November 10, 1981, which announced the settlement of the antitrust litigation and explained the procedure for filing a claim on the settlement fund. Zimmer never filed such a claim and consequently Zimmer did not participate in the class' recovery.

Zimmer commenced this action against the antitrust litigation class' counsel and the antitrust litigation representative plaintiffs. Zimmer sought to recover the amount that it would have recovered from the settlement fund on a variety of theories. Zimmer contended that the class representatives and their attorneys bore responsibility for Zimmer's alleged failure to receive the November 10, 1981, notice and Zimmer's alleged consequent failure to file a claim.

By Order dated August 2, 1983, I dismissed all claims against the class representatives "because there is no viable theory supporting imposition of civil liability on the named class representatives ...." Order ¶ 2 (Aug. 2, 1983). I also dismissed all claims against the attorney defendants other than a claim that the attorney defendants "negligently failed to carry out the proper procedures in mailing the notice first class." *Id.* ¶ 4. I held that "[f]irst class mailing is sufficient to satisfy the notice requirement of Federal Rule of Civil Procedure 23(e) ...." *Id.* ¶ 3.

On August 3, 1983, plaintiff filed "Count II," essentially an amendment to its complaint. Count II asserted a claim against the attorney defendants for failure to mail the November 10, 1981, notice with or without negligence. Relying on *Trist v. First Federal Savings & Loan*, 89 F.R.D. 1 (E.D. Pa.1980), I dismissed Count II. I again held that "[p]laintiff may only recover if it demonstrates that defendants negligently failed to mail notice to plaintiff." Order at 3 (October 6, 1983).

Discovery proceeded in this matter through the autumn and winter of 1983. In December, defendants moved for summary judgment for three reasons. First, defendants asserted that plaintiff had adduced no evidence of defendants' negligence while defendants had adduced evidence of their own due care. Second, defendants claimed that plaintiff had adduced no evidence that any negligence of defendants' caused plaintiff to fail to file a notice of claim while defendants had adduced evidence suggesting that no causation existed. Third, defendants contended that publication of notice of the settlement in the *Wall Street Journal* insulated them from liability.

On May 27, 1984, I ruled that the last of these three grounds for summary judgment was legally insufficient:

Notice by publication suffices for class members whose notice "falls through the figurative crack ...." *Trist v. First Federal Savings & Loan*, 89 F.R.D. 1, 3 (E.D.Pa.1980) (perfect mailing not required to bind class members). However, notice by publication does not insulate the class' attorney from liability for negligent mailing. To hold that publication sufficed in the face of negligent mailing would be to deny the teaching of *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306 [70 S.Ct. 652, 94 L.Ed. 865] (1970), that notification of class members must comport with due process protections. The Supreme Court has specifically held that due process requires mailing, and not mere publication, when the notifier knows the address of the person entitled to notice. *Mennonite Board of Mission v. Adams*, [— U.S.

——] 103 S.Ct. 2706 [77 L.Ed.2d 180] (1983). Due process may not exact a guarantee that the mailing process be perfect, but it does not tolerate a negligent mailing process. For this reason, the fact of proper publication in the *Wall Street Journal* of itself does not entitle defendants to summary judgment.

Memorandum/Order at 2–3 (March 27, 1984); *see also Walsh v. Great Atlantic & Pacific Tea Co., Inc.*, 726 F.2d 956, 962–964 (3d Cir.1983). As to negligence and causation, however, I held on March 27, that plaintiff had not properly responded to defendants' motions under Rule 56(e). I therefore granted plaintiff additional time to present evidence that indicated the existence of a material issue of fact concerning defendants' negligence and the existence of a causal relationship between that asserted negligence and Zimmer's failure to file a claim in the antitrust litigation.

The parties do not dispute that defendants delegated the tasks involved in printing and mailing the November 10, 1981, notice. Provcor Services, Inc. ("Provcor") performed some functions as did VPI Reproduction Center, Inc. ("VPI"). VPI in turn subcontracted most of its responsibilities to Fischler's Printing & Office Products ("Fischler"). Zimmer has not adduced any evidence, nor does it contend, that any of these entities was an inappropriate choice for the preparation of notices and mailing labels or for the task of mailing the notices.

The parties do not dispute that Provcor prepared a set of gum-backed mailing labels which Provcor turned over to VPI. The parties do not dispute that VPI made accurate copies of these mailing labels which VPI gave to defendants who in turn filed the copies with the court. One such accurate copy shows four labels addressed to Zimmer's Indianapolis office and three addressed to Zimmer's South San Francisco office. Goff Affidavit, exh. K, labels 3709–3716.

The parties do not dispute that a large number of notices were mailed by Provcor. 2928 should have been mailed, but the Postal Service receipted for 3000. In any event, the parties do not dispute that most of the notices intended to be sent were in fact mailed.

The parties do not dispute that at least some labels in the near proximity of the Zimmer labels were affixed to notices and properly mailed. Zenith Specialty Bag Co. (label 3702) and Zorn Packaging Inc. (label 3723) filed claims in the antitrust litigation on the basis of the notices received by them.

■ In order to survive this motion for summary judgment, Zimmer must present some evidence of negligence which caused Zimmer to fail to receive notice of the antitrust litigation settlement. As the foregoing undisputed facts indicate, any negligence not occurring during the process of affixing address labels or mailing the addressed notices cannot have caused Zimmer's asserted failure to receive the notice. For example, had Provcor negligently omitted certain names from the label list, this omission could not have caused Zimmer's injury because Provcor did not omit Zimmer's name.

Defendants have presented evidence which would permit a jury to infer that all of the labels printed by Provcor were affixed to notices. As noted above, many labels, including labels alphabetically near the Zimmer labels, were affixed to notices and mailed. The evidence is not clear as to whether VPI or Fischler affixed the labels. However, Bartholomew J. Milano testified on deposition that it was VPI's practice to be certain that no labels remained on the backers at the end of a job. Milano dep. at 34. Marianne Schwartz testified in a similar fashion on behalf of Fischler. Schwartz dep. at 27–28.

In addition, defendants have presented evidence from which a jury could infer that all 2928 notices were mailed. The Postal Service gave a receipt for 3000 notices. The Postal Service apparently arrived at this figure by weighing the mailing. A jury could conclude that the inaccuracy of the weighing method accounted for the discrepancy between 2928 and 3000.

On the other hand, Zimmer has presented no evidence which indicates that VPI or Fischler negligently failed to affix all 2928 labels or that Provcor negligently failed to mail all 2928 notices. Zimmer has adduced four sorts of evidence. First, Zimmer presents evidence that it never received the November 10 notice. Second, Zimmer presents evidence that none of defendants' agents checked the labelled notices to ensure that all labels had been affixed. Third, Zimmer presents evidence that none of defendants' agents ensured proper mailing by requiring return receipts or telephone confirmations. Fourth, Zimmer presents evidence that defendants' agents cannot accurately or completely recall how all of the tasks required for proper mailing were accomplished. Neither separately nor in combination do these pieces of evidence raise a material issue of fact as to both negligence and causation.

▪ Evidence that Zimmer never received the November 10 notice is necessary but not sufficient to make out Zimmer's case. If Zimmer could not assert that it had not received the notice, then Zimmer would have not established that any proven negligence caused Zimmer's injury. However, the fact that Zimmer did not receive the notice does not give rise to an inference that defendants, or their agents, acted negligently.

▪ Evidence that defendants or their agents did not check the addressed labels against a master list does not support a finding of negligence. A jury could not reasonably conclude that merely ascertaining that all labels provided had been affixed (by checking that none were left on their backers) and that all labelled notices were mailed (by obtaining a receipt for more than the number mailed) did not suffice. The law cannot require an unlimited amount of rechecking. If it did, the costs of notifying class members would defeat the utility of the class action mechanism.

▪ For similar reasons, evidence that defendants, or their agents, failed to use certified mail or telephone confirmations to ensure complete mailing does not support an inference of negligence. First class mailing suffices.

▪ Finally, evidence that defendants cannot now prove their non-negligence does not give rise to an inference of negligence. The burden of coming forward lies with plaintiff in this action and not with defendants. The absence of evidence of due care cannot do service as evidence of the absence of care. In this regard Zimmer contends that the discrepancy between the Postal Service receipt for the notices (listing 3000 items) and the number of address labels (2928) justifies an inference that Provcor mailed fewer than 2928 notices. While a receipt for 3000 notices justifies an inference that 2928 notices were mailed, it does not justify an inference that fewer than 2928 notices were mailed. It certainly does not justify an inference that any failure to mail arose because of defendants' agents' negligence.

For the foregoing reasons, the accompanying Order grants defendants' motions for summary judgment.